IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS MITCHELL, | No. 4:22-CV-02084 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

MEMORANDUM OPINION

MAY 31, 2023

Petitioner Curtis Mitchell, an inmate confined at the Federal Correctional Institution Loretto (FCI Loretto), filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He attempts to collaterally attack his sentence entered in 2018 after pleading guilty to a felony firearm offense. The Court will dismiss Mitchell's Section 2241 petition for lack of jurisdiction.

I. BACKGROUND

Mitchell is currently serving a 210-month sentence after pleading guilty—pursuant to a written plea agreement—to being a felon in possession of a firearm and having his sentenced enhanced under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), for three prior drug-trafficking convictions.[1] Mitchell sought post-conviction relief in the sentencing court through a motion

---

[1] *See United States v. Mitchell*, No. 1:16-cr-118, Docs. 49, 57, 58, 66 (M.D. Pa.).

under 28 U.S.C. § 2255,[2] but that motion was denied.[3]  A certificate of appealability was likewise denied by the United States Court of Appeals for the Third Circuit.[4]

Mitchell now attempts to collaterally attack his 2018 sentence through Section 2241.  However, because this Court does not have jurisdiction to entertain Mitchell's petition, it must be dismissed.

## II. DISCUSSION

Mitchell attempts to challenge his 2018 sentence by arguing that the prior convictions used to enhance his sentence under the ACCA were not qualifying predicate offenses.[5]  Although his petition is sparse, he appears to assert that, because "ioflupane" was removed from the federal schedule of controlled substances in 2015, his prior drug-trafficking convictions do not qualify as ACCA predicates.[6]  He claims that he was unaware of this issue until recently because of "ineffectiveness of counsel."[7]  The Court need not, and indeed cannot, reach the merits of Mitchell's argument because subject matter jurisdiction is lacking for his Section 2241 petition.

---

[2]  *See id.*, Doc. 75.
[3]  *See id.*, Docs. 81, 82.
[4]  *See id.*, Doc. 97.
[5]  *See* Doc. 1 at 6.
[6]  *See id.*; *see also* Doc. 8 at 6-7.
[7]  Doc. 1 at 2.

Generally, the presumptive method for bringing a collateral challenge to the validity of federal conviction or sentence is a motion to vacate pursuant to 28 U.S.C. § 2255.[8] Only in the rare circumstance where a Section 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention" can a federal prisoner proceed under Section 2241 instead of Section 2255.[9] The United States Court of Appeals for the Third Circuit has explained that this "safety valve" provision in Section 2255(e) only applies when an intervening change in controlling, substantive law renders the petitioner's prior conduct noncriminal.[10] Stated differently, Section 2255(e) permits a petitioner to resort to Section 2241 when the petitioner "had no earlier opportunity to challenge" a conviction for a crime "that an intervening change in substantive law may negate."[11] But merely because a petitioner is unable to meet the "stringent gatekeeping requirements" of Section 2255 does not render a motion under that provision "inadequate or ineffective" to challenge a conviction or sentence.[12]

Mitchell plainly does not meet the demanding requirements of Section 2255(e). He has failed to identify an intervening change in controlling, statutory law that would render his prior conduct (*i.e.*, his felon-in-possession offense or his

---

[8] *See Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citation omitted).
[9] *See* 28 U.S.C. § 2255(e) (sometimes referred to as the "safety valve" provision or "savings clause"); *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).
[10] *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 179-80 (3d Cir. 2017); *see also Cordaro v. United States*, 933 F.3d 232, 239-40 (3d Cir. 2019).
[11] *Bruce*, 868 F.3d at 180 (quoting *Dorsainvil*, 119 F.3d at 251).
[12] *Okereke*, 307 F.3d at 120.

drug-trafficking offenses) noncriminal. He is merely challenging the applicability of the ACCA and whether his predicate convictions qualify as "serious drug offenses" under 18 U.S.C. § 924(e)(2)(A) following the federal descheduling of ioflupane. Moreover, he has not proffered any reason why the instant claims could not have been raised in a Section 2255 motion, or why such a motion is "inadequate or ineffective" to challenge his sentence.

Although Mitchell contends that his defense attorney was constitutionally ineffective for not asserting this ioflupane-descheduling argument, a claim of ineffective assistance of counsel certainly can be raised in a Section 2255 motion. And just because Mitchell has already filed one such unsuccessful motion does not render Section 2255 inadequate or ineffective for asserting the instant claim.[13] That is why Mitchell was explicitly warned by the sentencing court that he "may be barred from presenting, in a future motion, petition, or pleading any claim not presented" at the time of his initial Section 2255 motion.[14] Moreover, the Third Circuit has noted that challenges to sentencing enhancements which do not attack the validity of the petitioner's underlying conviction or convictions do not meet the stringent safety-valve requirements.[15]

---

[13] *See id.* at 120-21.
[14] *Mitchell*, 1:16-cr-118, Doc. 76 at 2.
[15] *See Gardner v. Warden Lewisburg USP*, 845 F.3d 99, 103 (3d Cir. 2017) (explaining that permitting Section 2241 challenges to sentencing issues based on new Supreme Court decisions would "short-circuit[]" Section 2255's gatekeeping requirements and "swallow the rule that habeas claims presumptively must be brought in § 2255 motions"); *Davis v. Warden Allenwood FCI*, 818 F. App'x 147, 149 & n.5 (3d Cir. 2020) (nonprecedential) (noting that the

In sum, the safety valve provision in Section 2255(e) does not apply to Mitchell's claim. Accordingly, the Court must dismiss Mitchell's Section 2241 petition for lack of jurisdiction.[16]

### III.   CONCLUSION

For the foregoing reasons, the Court will dismiss Mitchell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

Third Circuit has "never applied *Dorsainville* to issues that . . . arise regarding sentencing") (internal quotation marks omitted) (citing *Gardner*, 845 F.3d at 103)).

[16]   See *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538, 539 (3d Cir. 2002).